766 So.2d 591 (2000)
STATE of Louisiana, Appellee,
v.
William Joe McDONALD, Jr., Appellant.
No. 33,356-KA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 2000.
*592 Daryl Gold, Shreveport, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, David G. Griffith, Assistant District Attorney, Counsel for Appellee.
Before PEATROSS, KOSTELKA & DREW, JJ.
PEATROSS, J.
Defendant, William Joe McDonald, was charged with one count of felony theft, a violation of La. R.S. 14:67, punishable by imprisonment for not more than ten years and a $3,000 fine. Defendant agreed to plead guilty to a reduced charge of middle grade theft. The trial court sentenced Defendant to two years at hard labor, suspended, and three years supervised probation with four conditions: (1) that Defendant serve 60 days in jail; (2) that he make restitution in periodic monthly payments for a total amount of $15,000; (3) that he is banned from all local casinos; and (4) that he pay a monthly supervision fee to help defray the costs of supervised probation. Defendant orally objected to the special conditions of probation and to the amount of restitution, but did not file a motion for reconsideration of sentence. Defendant now appeals the sentence as illegal, specifically stating that he does not appeal the sentence as excessive. For the reasons stated herein, Defendant's conviction and sentence are affirmed.

FACTS
From January 1, 1998, to May 1, 1998, Defendant was the general manager of Craig's Auto Sales in Bossier City. During that period, Defendant converted payments from customers to his own use and intentionally failed to account for the funds to the business. Defendant argues that the total amount of such funds was no more than $3,900. A representative of Craig's Auto Sales, however, informed the trial court that the amount converted was *593 in excess of $150,000 and could be as much as $200,000.
On appeal, Defendant argues that the sentence imposed is illegal because the jurisprudence forbids both the imposition of jail time and an order of restitution as parts of one felony sentence. Defendant also urges that the sentence is illegal because there is no basis for the trial court's "arbitrary" determination that the amount of restitution should be $15,000.

DISCUSSION
La.C.Cr.P. art. 881.1 provides that failure to make or file a motion to reconsider sentence "shall preclude the... defendant from raising an objection to the sentence ... on appeal or review." When, as here, a defendant fails to file a La.C.Cr.P. art. 881.1 motion to reconsider sentence, the appellate court's review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992). Thus, even though Defendant did not move for reconsideration of sentence, we will examine his claim that the sentence is illegal.

Imposition of jail time plus restitution
La.C.Cr.P. art. 895(A)(7) provides that, when a court places a defendant on probation, it may impose any specific conditions reasonably related to his rehabilitation, including a requirement that he make reasonable restitution to the aggrieved party for damage or loss caused by the offense in an amount to be determined by the court.
La.C.Cr.P. art. 895(B) provides that, in felony cases, an additional condition of the probation may be that the defendant serve a term of imprisonment without hard labor for a period not to exceed two years. The statute, therefore, permits the sentencing court to impose both an order of restitution and a term of incarceration, without hard labor, as parts of the sentence imposed for a felony offense. The jurisprudence is in accord with the statute.
In State v. DeGueurce, 30,334 (La. App.2d Cir.2/25/98), 710 So.2d 296, writ denied, 98-1213 (La.10/9/98), 726 So.2d 18, this court found error where the trial court imposed a sentence of three years at hard labor, with no suspension of sentence, plus restitution. We noted that "restitution is authorized when a sentencing court suspends a sentence and places the offender on probation. When a sentence is not suspended, restitution and additional default time are illegal." In the case sub judice, Defendant misinterprets the foregoing statement. The illegality referred to in DeGueurce was the combination of a term of incarceration at hard labor, which is not suspended, plus an order of restitution. Accord, State v. Frith, 561 So.2d 879 (La.App. 2d Cir.1990), writ denied, 565 So.2d 465 (La.1990), writ denied, 571 So.2d 625 (La.1990); State v. Faulkner, 570 So.2d 516 (La.App. 5th Cir.1990). Both Frith and Faulkner found sentences to be illegal when an order of restitution was imposed on a defendant convicted of a felony whose hard labor sentence had not been suspended.
Here, the trial court suspended the hard labor portion of the sentence and placed Defendant on a specified term of probation. As previously stated, under La. C.Cr.P. art. 895, a sentencing court is authorized to impose, as conditions of probation in felony cases, a combination of jail time and restitution.[1] We, therefore, find *594 no merit in Defendant's first challenge to the sentence imposed in this case.

Amount of restitution
La.C.Cr.P. art. 895.1 provides that, when a court places a defendant on probation, "it shall, as a condition of probation, order the payment of restitution in cases where the victim ... has suffered any direct loss of actual cash, any monetary loss pursuant to damage or loss of property.... The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain."
Defendant contends the trial court erred by arbitrarily ordering restitution in the amount of $15,000 when that amount is not supported "in the presentence report or by anybody's calculation." Defendant also calls our attention to the guilty plea colloquy during which the district attorney informed the trial court that, for purposes of the pre-sentence investigation, "we'll be turning all the information we have over to determine if there's any restitution and we'll be asking restitution be approximated in the amount of $3,900 at this time." (Emphasis added.) During that same colloquy, however, Defendant expressed his understanding that the trial court could, and would, impose an order of restitution in any amount the trial court believed was appropriate.
The trial court's decision ordering restitution as a condition of probation will not be disturbed on appeal absent an abuse of discretion. This standard applies even though that sum may be more than the amount to which defendant pled. State v. Peters, 611 So.2d 191 (La.App. 5th Cir.1992).
Defendant argues it was his "understanding" that the amount of restitution would be "in the neighborhood of $3,900, give or take a few hundred dollars." The PSI report states that "the amount that was figured was $6,850 but [the victim] thinks that it is more likely from $150,000 to $200,000. He says that the casinos have kept a record of what [Defendant] has lost there and that is how [victim] got his figures."
Sources of information to which a sentencing court may look in determining restitution include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. The amount of $3,900, mentioned by the district attorney during the guilty plea, was based on information available at that time and was not binding on the trial court. The PSI report reveals that the amount converted by Defendant was at least $6,850, but could be as high as $200,000 based on records kept by local casinos reflecting Defendant's losses.
In cases such as this, we note that restitution cannot always be determined with exactitude. For this reason, the trial court is given discretion in determining the amount of restitution appropriate under the particular circumstances of a given case. Significantly, the trial court in this case did not impose a fine on Defendant and was otherwise lenient in sentencing, imposing a suspended sentence of two years, with three years probation, where Defendant's maximum exposure was ten years. While greater than the amount Defendant asserts, the amount of restitution ordered by the trial court represents only one tenth of the losses as estimated by the victim. During sentencing, the trial court stated the following regarding the determination of restitution:
It will be far less than [sic] the victim says they're owed. It will be more than what you feel like is owed. But I feel like any difference would help compensate the victim for any inconvenience that he went through even if it may be greater than what you feel like you actually owe in dollar for dollar.
*595 We cannot say that the trial court abused its discretion in ordering restitution in the amount of $15,000.

Error Patent Review
Although the trial court correctly informed Defendant at the time of sentencing that the prescriptive period for post-conviction relief was three years, the statute has been changed, retroactively, effective August 15, 1999, to two years.
The trial court is directed to provide appropriate written notice to Defendant within ten days of the rendition of this opinion of the statutory time period within which he may file any post-conviction relief. The trial court is further instructed to file proof of Defendant's receipt of such notice in the record of the proceedings. State v. Mock, 602 So.2d 776 (La. App. 2d Cir.1992); State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992).

CONCLUSION
For the foregoing reasons, Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Additionally, we note that La.C.Cr.P. art. 883.2, Restitution to victim, which became effective January 1, 2000, provides as follows:

In all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose. (Emphasis added.)