STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1567


STATE OF LOUISIANA

VERSUS

JOHN JOSEPH


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 03-K-4336-A
HONORABLE JAMES PAUL DOHERTY  JR., DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

**Paula Corley Marx**
**Louisiana Appellate Project**
**Post Office Box 80006**
**Lafayette, LA   70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     John Joseph

**Earl B. Taylor**
**District Attorney**
**Twenty-Seventh Judicial District Court**
**Post Office Drawer 1968**
**Opelousas, LA   70571-1968**
**(337) 948-3041**
**COUNSEL FOR APPELLEE:**
     State of Louisiana

AMY, Judge.

## Factual and Procedural Background

The defendant, John Joseph, pled guilty to two counts of armed robbery, in violation of La.R.S. 14:64, and one count of aggravated burglary, in violation of La.R.S. 14:60. On the armed robbery counts, he was sentenced to thirty years at hard labor without the benefit of probation, parole, or suspension of sentence. For the aggravated burglary charge, the defendant was sentenced to fifteen years at hard labor. All sentences were ordered to run concurrently. The defendant was also ordered to pay restitution. Upon the denial of his *pro se* motion to reconsider sentence, the defendant appealed.

In *State v. Joseph*, 05-186 (La.App. 3 Cir. 11/2/05), 916 So.2d 378, this court reversed the defendant's conviction for the armed robbery of Irma Dartez because of a double jeopardy violation.[1] That sentence was vacated. The defendant's other sentences were vacated, as they were indeterminate, and the matter was remanded to the trial court for a restitution hearing.

On April 5, 2006, the trial court resentenced the defendant to thirty years at hard labor without the benefit of probation, parole, or suspension of sentence for armed robbery and fifteen years at hard labor for aggravated burglary. The sentences were ordered to run concurrently. A restitution hearing was set for May 5, 2006. An oral motion for reconsideration of sentence was denied. The defendant appealed.

---

[1] In *Joseph*, 916 So.2d at 379, the facts were stated as follows:

> The defendant, along with a co-defendant, kicked down the front door and entered the home of Irma Dartez. Once inside, the defendant took a gun from Ms. Dartez, while the co-defendant struck another occupant of the home with a bottle of bleach before taking money from her possession. At that point, the two left the scene.

In an unpublished order bearing docket number 06-631 (La.App. 3 Cir. 8/8/06), this court remanded the matter to the trial court for a restitution hearing. At the hearing held on March 2, 2007, the trial court ordered the defendant to pay $4,050.00 in restitution. The defendant made an oral motion for appeal and an oral motion to reconsider sentence. He lodged an appeal with this court.

In an unpublished order bearing docket number 07-439 (La.App. 3 Cir. 5/29/07), this court remanded the matter to the trial court for a ruling on the defendant's oral motion to reconsider sentence that was made at the restitution hearing. Following a hearing on November 2, 2007, the defendant's motion to reconsider sentence was denied. The defendant has perfected this appeal, asserting the following assignments of error:

I.      The trial court erred in ordering restitution in the amount of $4,050.

II.     The concurrent thirty and fifteen year sentence imposed make no measurable contribution to acceptable goals of punishment and are grossly out of proportion to the severity of the crime for this young first offender.

III.    The trial court failed to particularize the sentence to this offender.

For the following reasons, we affirm.

## Discussion

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

*Restitution*

In his brief submitted to this court, the defendant argues that the order of restitution should be vacated because his plea did not include any agreement to pay

2

restitution for the money taken by his co-defendant and that the exact amount of restitution was not proven. According to the defendant, there was no documentary evidence to support the amount of restitution claimed by the victim. The defendant notes that the victim told the Probation and Parole Officer that the amount taken was $3,755.00 whereas at trial, she testified that the amount taken was $4,000.00 and then $4,055.00. He contends that "[w]hen the court ordered restitution . . . , there was no provision that he pay a proportionate share with his co-defendant nor was there any credit given for payments made by [his co-defendant], who actually took the money."

At the restitution hearing, the victim, Theresa Green (Green), testified that she was robbed of "[a]pproximately four thousand" dollars. When asked for a more accurate sum, Green stated that the amount taken was $4,055.00. Green testified that the day before the robbery, she went to the bank to make withdrawals: "I think it was from St. Landry Bank I withdrew thirty-eight hundred, and from Bank of Sunset, I think it was like seven hundred." She did not have any receipts to support her testimony. Nevertheless, at the motion to reconsider sentence hearing, the trial court did "not find that the four thousand, fifty-five dollars ordered [was] an unreasonable amount in consideration [of] all of the factors in this case[.]"[2] The defendant orally moved for reconsideration of sentence without stating any grounds.

At the hearing on the motion to reconsider sentence, the defendant moved for reconsideration on the basis that Green's testimony at the restitution hearing was contradictory to the statement she gave to the Probation and Parole Officer. The defendant did not argue that he did not agree to pay restitution for the money taken by his co-defendant, that he should pay a proportionate share of the restitution, that

---

[2] We note that at the restitution hearing on March 2, 2007, the trial court ordered restitution in the amount of $4,050.00.

3

there was no provision that he be given credit for payments made by his co-defendant, or that no documentary evidence was presented at the restitution hearing. Therefore, these issues may not be asserted on appeal. *See State v. Reynolds*, 99-1847 (La.App. 3 Cir. 6/7/00), 772 So.2d 128. Accordingly, we will only address the defendant's claim that the exact amount of restitution owed was not proven.

The "trial court has vast discretion in sentencing decisions, including the imposition of restitution." *State v. Thomas*, 05-1051, p. 11 (La.App. 3 Cir. 3/1/06), 924 So.2d 1146, 1153. "The trial court's decision in ordering restitution should not be disturbed absent an abuse of discretion." *Id*.

In *State v. McDonald*, 33,356 (La.App. 2 Cir. 6/21/00), 766 So.2d 591, the defendant appealed an order of restitution in the amount of $15,000.00 because it was more than the amount to which he pled, *i.e.*, $3,900. In finding no abuse of discretion in the trial court's order of restitution, the second circuit explained:

> Sources of information to which a sentencing court may look in determining restitution include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay. *State v. Myles*, 94-0217 (La.6/3/94), 638 So.2d 218. The amount of $3,900, mentioned by the district attorney during the guilty plea, was based on information available at that time and was not binding on the trial court. The PSI report reveals that the amount converted by Defendant was at least $6,850, but could be as high as $200,000 based on records kept by local casinos reflecting Defendant's losses.

> In cases such as this, we note that restitution cannot always be determined with exactitude. For this reason, the trial court is given discretion in determining the amount of restitution appropriate under the particular circumstances of a given case. . . . While greater than the amount Defendant asserts, the amount of restitution ordered by the trial court represents only one tenth of the losses as estimated by the victim. During sentencing, the trial court stated the following regarding the determination of restitution:

4

> It will be far less than [sic] the victim says they're owed. It will be more than what you feel like is owed. But I feel like any difference would help compensate the victim for any inconvenience that he went through even if it may be greater than what you feel like you actually owe in dollar for dollar.

*Id*. at 594-95 (alteration in original).

Here, the amount asserted by Green at the restitution hearing differed from that given to the Probation and Parole Officer. As noted in *McDonald*, a trial court is given discretion in determining the amount of restitution as it cannot always be established with exactitude. We find that the trial court did not abuse its discretion in awarding restitution in the amount of $4,050.00.

Accordingly, this assignment is without merit.

*Remaining Assignments of Error*

The defendant notes that he was eighteen years old when the offenses were committed and that he is a first felony offender. He argues that "[f]ailing to consider [his] young age and personal history . . . violates the provisions of La.C.Cr.P. Art. 894.1 which requires the sentence to be particularized to the offender. In this case, an excessive sentence has resulted."

In his written *pro se* motion to reconsider sentence, the defendant asserted that his sentences were excessive and asked the trial court to consider "all relevant information and certain mitigating circumstances," which he did not set forth in his motion. Because all other motions were oral and failed to set forth any bases for reconsideration, we will only address the defendant's claim that his sentences for armed robbery and aggravated burglary were excessive. *See* La.Code Crim.P. art. 881.1(E).

5

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331(alteration in original), this court set forth the standard for reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Pursuant to La.R.S. 14:64(B), the penalty for armed robbery is imprisonment "at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence." The defendant received a sentence of thirty years at hard labor. The penalty for aggravated burglary is one to thirty years at hard labor. La.R.S.14:60. Here, the defendant was sentenced to fifteen years at hard labor.

At the defendant's original sentencing hearing, the trial court remarked:

> Though the defendant is a first offender, these are serious charges where serious injuries to Ms. Green were had; a broken nose with a blunt head and facial trauma, lacerations to the top of her head and forehead, and considerable mental anxiety and pain and suffering. And the court notes that the following provisions of Article 894.1, the sentencing guidelines, are pertinent. That would be A(2) and A(3). 894.1.A(2), that the defendant is in need of correctional treatment; 894.1.A(3), that a lesser sentence would deprecate the seriousness of the defendant's crime; 894.1.B(5), that the offender knowingly created a risk of death or great bodily harm to more than one person. There were two victims of this crime, Ms. Green and Ms. Dartez. 894.1.B(9), that the offense resulted in significant permanent injury to the victim. . . . Also, Article

894.1.B(10), that the offender used a dangerous weapon in the commission of the offense.

The trial court noted the same factors at the resentencing hearing.[3]

"In *State v. Smith*, 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4, the Louisiana Supreme Court stated that sentences of 35 to 50 years have been found to be acceptable for first offenders convicted of armed robbery, citing *State v. Augustine*, 555 So.2d 1331, 1332 (La.1990), and *State v. Thomas*, 98-1144, p. 2 (La.10/9/98), 719 So.2d 49, 50." *State v. Alexander*, 03-1291, p. 12 (La.App. 5 Cir. 3/30/04), 871 So.2d 483, 491, *writ denied*, 04-1063 (La. 10/1/04), 883 So.2d 1007.

After reviewing the record, we find that the defendant's sentences are not excessive. The defendant's thirty year sentence for armed robbery, which is in the lower range approved for first felony offenders convicted of that offense, was ordered to run concurrently with his sentence for aggravated burglary. Moreover, the trial court gave adequate consideration to the factors listed in La.Code Crim.P. art. 894.1. Given the violent nature of the offenses and the trauma to the victim, we find that the trial court did not abuse its discretion in imposing the defendant's sentences.

This assignment has no merit.

## DECREE

For the foregoing reasons, the defendant's sentences are affirmed.

**AFFIRMED.**

---

[3] The trial court stated:

[T]he Court has taken into consideration the provisions of Code of Criminal Procedure Article 894.1 and particularly paragraph one, that there is a risk that the defendant in this case would commit another crime; paragraph two, that the defendant is in need of correctional treatment; and number three, a lesser sentence would deprecate the seriousness of the defendant's crime. The Court also takes into consideration other provisions of 894.1, paragraph B, particularly number nine, there was a significant injury and economic loss to the victims in this case; six, that the defendant used threats or other actual violence in the commission of the offense; [and] number ten, the defendant used a dangerous weapon in the commission of the offense. . . .