STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 08-1308

STATE OF LOUISIANA

VERSUS

ALLEN JERMAINE LEWIS

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 72997F
HONORABLE JOHN LARRY VIDRINE, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED.

**Christopher Brent Coreil**
**District Attorney**
**P. O. Drawer 780**
**Ville Platte, LA 70586**
**(337) 363-3438**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Raymond J. LeJeune**
**1401 Poinciana Ave.**
**Mamou, LA 70554**
**(337) 468-2229**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**G. Paul Marx**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
**Allen Jermaine Lewis**

**Allen Jermaine Lewis**
**A VC   Crawdad D-2**
**1630 Prison Rd.**
**Cottonport, LA 71327**

**EZELL, JUDGE.**

　　　　The Defendant, Allen Jermaine Lewis, was charged by bill of information with one count of armed robbery, in violation of La.R.S. 14:64, and one count of second degree kidnaping, in violation of La.R.S. 14:44.1. On August 16, 2007, the Defendant pled guilty to one count of armed robbery. After the Defendant's plea was accepted, the State dismissed the charge of second degree kidnapping. A presentence investigation was conducted, and on November 2, 2007, the Defendant was sentenced to thirty years at hard labor without benefit of probation, parole, or suspension of sentence.

　　　　The Defendant filed an application for post-conviction relief, asserting that "his Appeal of Right had not been preserved by his attorney on the issue of sentencing." On September 11, 2008, a hearing was held on the post-conviction relief application, where counsel for the Defendant made an oral motion requesting reconsideration of sentence and an out-of-time appeal. The trial court granted the Defendant an out-of-time appeal after denying his motion for reconsideration of sentence. The Defendant is now before this court, asserting that his sentence is excessive.

### FACTS

　　　　The facts as recited by the State in the plea colloquy provide that on November 28, 2006, the Defendant used a knife to commit the armed robbery of an employee at Video Max, which is located in Ville Platte.

### ANALYSIS

　　　　In his only assignment of error, the Defendant challenges the excessiveness of his sentence. The Defendant argues:

> The trial court imposed an excessive sentence of 30 years on this first felony offender for an armed robbery, who accepted responsibility for the offense and showed no propensity to commit any future criminal offenses. The court had minimal information about the Defendant and

1

no basis for finding, under article 894.1, that there is an "undue risk of future offenses".

At the hearing held on the Defendant's motion for an out-of-time appeal, defense counsel made an oral motion to reconsider sentence but failed to assert any specific grounds for reconsideration. Because the Defendant's motion failed to comply with La.Code Crim.P. art. 881.1, our review is relegated to a bare claim of excessiveness. *State v. Hargrave*, 05-1027 (La.App. 3 Cir. 3/1/06), 926 So.2d 41, *writ denied*, 06-1233 (La. 11/22/06), 942 So.2d 552.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331(alteration in original).

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be

2

individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The Defendant pled guilty to armed robbery. The penalty for a violation of La.R.S. 14:64 is imprisonment at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence. Thus, the Defendant's sentence of thirty years at hard labor is in the lower half of the sentencing range.

Additionally, we note that by pleading guilty to armed robbery, the State dismissed the charge of second degree kidnapping, which carries a mandatory minimum of five years and a maximum of forty years. La.R.S. 14:44.1. Thus, the Defendant also received a benefit from his plea agreement with the State.

In *State v. Joseph*, 07-1567 (La.App. 3 Cir. 4/30/08), 982 So.2d 310, this court upheld a sentence of thirty years imposed on a first felony offender where the victim sustained serious and permanent bodily injury. In making this determination, this court relied on the following jurisprudence.

> "In *State v. Smith*, 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4, the Louisiana Supreme Court stated that sentences of 35 to 50 years have been found to be acceptable for first offenders convicted of armed robbery, citing *State v. Augustine*, 555 So.2d 1331, 1332 (La.1990), and *State v. Thomas*, 98-1144, p. 2 (La.10/9/98), 719 So.2d 49, 50." *State v. Alexander*, 03-1291, p. 12 (La.App. 5 Cir. 3/30/04), 871 So.2d 483, 491, *writ denied*, 04-1063 (La.10/1/04), 883 So.2d 1007.

*Id.* at 315.

When sentencing the Defendant in this case, the trial court made the following comments:

We're on the matter of State of Louisiana versus Allen J. Lewis. This is Docket Number 72997-FA. We're here for Sentencing. I have received the Pre-Sentence Investigation, I have read it thoroughly, I have gone through the sentencing guidelines that is provided for by Code of Criminal Procedure Article 894.1. Particularly, I have looked at Paragraph A, Subparagraph 1, 2 and 3 where there is an undue risk that during the period there is no suspended sentence which can be provided for. The defendant is in need of correctional treatment or custodial environment, and any lesser sentence would deprecate the sentence, the seriousness of the sentence of the defendant's crime.

Considering the benefit received by the Defendant, his presentence investigation report[1], and the cases cited herein, the Defendant's thirty-year sentence is within the accepted sentence range for first felony offenders convicted of armed robbery. *See State v. Joseph*, 982 So.2d 310. Thus, this court finds that the Defendant's sentence is not constitutionally excessive and, therefore, is affirmed.

## CONCLUSION

The Defendant's sentence is affirmed.

**AFFIRMED**.

---

[1]A review of the Defendant's presentence investigation report reveals that the Defendant grabbed the Victim and pulled a knife on him. The Defendant also put the knife to the Victim's back. The Defendant then made him take all the money out of the register, walk out of the store, and took the Victim's cell phone. The Defendant then rode away on his bike. The employee victimized by the offense requested $218 in restitution for the value of the cell phone taken by the Defendant. The owner of Video Max requested $200 in restitution for the monies stolen by the Defendant.

The presentence investigation report also revealed that the Defendant has a prior juvenile record and an extensive history of misdemeanor convictions dating back to 1999. Since 2004, the Defendant has committed at least one theft each year. The Defendant admitted that he dropped out of school in tenth grade at the age of eighteen. He also admits that he began using marijuana at the age of eighteen and continued until his arrest on this offense.