# NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**11-877**

**STATE OF LOUISIANA**

**VERSUS**

**GREGORY LEWIS**

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, DOCKET NO. C-16,930
HONORABLE DEE A. HAWTHORNE, PRESIDING
\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P.O. Box 2806**
**Monroe, LA 71207-2806**
**(318) 387-6124**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Gregory Lewis**

**Billy Joe Harrington, Assistant District Attorney**
**Tenth Judicial District Court, Parish of Natchitoches**
**P.O. Box 838**
**Natchitoches, LA 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**COOKS, Judge.**

The State alleged that the Defendant, Gregory Lewis, and two others, were offered a ride in a vehicle operated by the victim, Marcus Robinson. At some point, Defendant, armed with a gun, ordered the victim to withdraw money on two different occasions from his ATM. The victim also alleged he was hit several times with the gun, and Defendant took several items out of his vehicle.

The State charged Defendant with armed robbery, a violation of La. R.S. 14:64. Defendant entered a plea of guilty to the charge. There was no sentencing agreement. A presentence investigation was ordered.

A sentencing hearing was held, after which Defendant was sentenced to twenty-five years at hard labor, without the benefit of probation, parole, or suspension of sentence. He was ordered to pay restitution to the victim in the amount of $2,155.00. No objection to the sentence was made, and no motion to reconsider sentence was filed.

On appeal, Defendant asserts his sentence is excessive. For the following reasons, we affirm Defendant's sentence.

## ANALYSIS

In his lone assignment of error, Defendant asserts his sentence is excessive, arguing as mitigating factors Defendant's youthful age of twenty, as well as the difficult childhood he endured at the hands of an abusive father.

We initially note Defendant did not object to his sentence nor file a motion to reconsider sentence; consequently, he is relegated to a bare claim of excessiveness. This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution

to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks one's sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The penalty for armed robbery is ten to ninety-nine years at hard labor, without benefit of parole, probation, or suspension of sentence. La.R.S. 14:64.

At sentencing, the trial judge set forth lengthy reasons for imposing the twenty-five year sentence. The trial judge indicated he reviewed and evaluated the PSI and other factors, including the sentencing guidelines set forth in La.Code Crim.P. art. 894.1 in determining the sentence. The trial judge considered a letter written by Defendant's mother, Sheba Lewis. In the letter, Ms. Lewis stated her son suffered from mental problems since he was four years old. Also, Ms. Lewis

asserted that Defendant watched his father mentally and physically abuse her for over eight years. Ms. Lewis attached a petition signed by people of her community expressing their willingness to help Defendant.

The trial judge stated She reviewed Defendant's juvenile record, which the trial judge characterized as "lengthy," and which included felony grade adjudications.[1] The trial judge considered that Defendant was twenty years old and currently had charges pending for possession of marijuana, second offense, and possession of contraband while in jail. Additionally, the trial court stated in pertinent part:

> The offender's conduct, the first consideration was the offender's conduct during the commission of the offense manifested deliberate cruelty to the victim. In the present case, the victim was held at gunpoint for some time and forced to drive the perpetrators around while they hit him and threatened to kill him. The offender used threats of or actual violence in the commission of the offense. There are clearly actual and threatened acts of violence in this case as the victim was held at gunpoint. In addition the defendant threatened to kill the victim. The offense resulting in a significant permanent injury or significant economic loss to the victim or his family. In this case, the victim has been affected emotionally by this crime as seen by his statement. In addition he has financial losses. The District Attorney's office has provided a list of restitution which totals $2155.00 dollars of loss that this man has sustained. The offender used a dangerous weapon in the commission of this crime. He used a gun, clearly a dangerous weapon. The offender used a firearm or other dangerous weapon while committing or attempting to commit an offense which has an element the use, attempted use or threatened use of physical force against the person or property of another in which by it's very nature involves a substantial risk that physical force may be used in the course of committing the crime. According to the facts of this case that is clearly the case. The crime of Armed Robbery is one such crime. Then they asked the Court to consider any other relevant aggravating circumstances. This particular crime was pre-meditated in that this group of people got together and decided to take this action. The Court has reviewed the mitigating circumstances listed in the guidelines under number 22, through 32 and finds that none of them are applicable to the defendant. I will read and comment on

---

[1] The PSI set forth Defendant's juvenile record. In September 2005, he was adjudicated on the charges of simple burglary and "ungovernable" and sentenced to two years custody, suspended and placed on two years of probation. In 2006, he was adjudicated on the charges of purse snatching and cruelty to the infirmed and sentenced to custody until his 18th birthday. Also, in 2006, he was adjudicated on the charges of simple escape and theft less than $300.00. He was sentenced to two years custody for the simple escape and six months custody on the theft charge.

each that are listed. The defendant's criminal conduct neither caused nor threatened serious harm. This of course is not true. His behavior did cause and threaten serious harm. Twenty-three, the defendant did not contemplate that his criminal conduct would cause or threaten serious harm. He had to have known that what he was doing caused or threatened serious harm. He in fact threatened to kill the victim. Twenty-four, the defendant acted under strong provocation. The Court does not find that the defendant was provoked in any regard. In fact the victim was doing a kindness by giving this group a ride to get gas. He thought they'd run out of gas. This defendant was in a situation of his own making. Number twenty-five, there was substantial grounds tending to excuse or justify the defendant's criminal conduct through failing, though failing to establish a defense. There's no justification for his behavior. However the Court, the Court did listen and hear and did consider the fact that this child was raised in a family with ongoing domestic violence where he witnesses the abuse of his mother by this father. However he was adjudicated as I stated earlier as a child and was provided with assistance and help to no avail. He's had services and treatment and he was not responsive to that. So this Court is, is in a difficult situation when we know that we have children that have been raised in bad situations but yet when they are adults commit crimes that are serous [sic] crimes. Please think with me that this man that they held might have been killed, but for the fact that he was able to escape. The Court cannot sentence him to less time because of that. The Court is responsible to follow the law. The Court is responsible to protect the public. While his friends and community, I'm sure love him, and I'm sure that he can be a kind and nice guy some time, but he commit crimes. And he commits crimes that threaten the life of others. The Court has got to consider these. Number twenty-six, the victim of the defendant's criminal conduct induced or facilitated its commission. The victim did nothing in this case but be a kind, friendly gentleman. Twenty-seven, the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained. This has not been done to my knowledge. Twenty-eight, the defendant has no history of prior delinquency or criminal activity or has led a law abiding life for a substantial period of time. This is clearly not so, the Court had already addressed that. He has a long history of criminal activity. Twenty-nine, the defendant's criminal conduct was a result of circumstances unlikely to recur. Unfortunately I cannot say that because they are likely to occur. If he gets with a group of guys again the very same thing could happen again. So I cannot consider that a mitigating circumstance. Number thirty, the defendant is particularly likely to respond affirmatively to probationary treatment. Nor can the Court say that because he has had probationary treatment and has not responded. He has been placed on probation and it has been without positive effect. Thirty-one, the imprisonment of the defendant would entail excessive hardship to himself or his defendants. This is not applicable because he is not eligible for a suspended sentence. Thirty-two, the defendant has voluntarily participated in a pre-trial drug testing program. Now today for the first time I heard uh, anything about drugs. I do not know whether he has submitted to any kind of pre-trial drug testing or drug abuse rehabilitation. There's been no

4

evidence presented to the Court saying that he has. So consequently it is not considered. And then they asked me to consider whether there are any other relevant mitigating circumstances. The only other thing that I considered I did consider and read the letter provided to me by the mother and the signatures that she obtained from members of the community. And as I said I know that Mr. Lewis is loved by his family and his friends, and it is a great loss for his family and friends. However what he has done is not acceptable. He is in fact a danger to the public. His crime involved a gun that in itself is a danger. The crime before the Court today is a violent crime. The Court is required to follow the law.

In *State v. Davis*, 35,480 (La.App. 2 Cir. 1/23/02), 806 So.2d 929, a twenty-year sentence was affirmed for first degree robbery. The seventeen-year-old defendant, originally charged with armed robbery, entered the victim's store along with two young companions and robbed the store while holding the victim down at knife point. The defendant and his accomplices stole over $200.

In *State v. Lewis*, 08-1308 (La.App. 3 Cir. 4/1/09), 16 So.3d 1, the defendant was sentenced to thirty years for the armed robbery of a store. The defendant robbed a video store clerk at knife point and took the clerk's cell phone. In affirming the sentence, this court noted the defendant's prior juvenile record and extensive history of misdemeanor convictions. Also, the defendant dropped out of school in tenth grade at the age of eighteen and began using marijuana until his arrest. Lastly, as a result of his plea agreement, the State dismissed a charge of second degree kidnapping, thereby reducing the defendant's sentencing exposure.

In *State v. Joseph,* 07-1567 (La.App. 3 Cir. 4/30/08), 982 So.2d 310, the defendant was convicted of armed robbery and aggravated burglary. He was sentenced to thirty years at hard labor on the armed robbery conviction and fifteen years at hard labor on the aggravated burglary conviction. On appeal, the defendant asserted "he was eighteen years old when the offenses were committed and that he is a first felony offender. He argues that '[f]ailing to consider [his] young age and personal history . . . violates the provisions of La.C.Cr.P. Art. 894.1 which requires the sentence to be particularized to the offender. In this case, an

5

excessive sentence has resulted.'" *Id.* at 314. This court upheld the sentence holding in pertinent part:

> At the defendant's original sentencing hearing, the trial court remarked:
>
>> Though the defendant is a first offender, these are serious charges where serious injuries to Ms. Green were had; a broken nose with a blunt head and facial trauma, lacerations to the top of her head and forehead, and considerable mental anxiety and pain and suffering. And the court notes that the following provisions of Article 894.1, the sentencing guidelines, are pertinent. That would be A(2) and A(3). 894.1.A(2), that the defendant is in need of correctional treatment; 894.1.A(3), that a lesser sentence would deprecate the seriousness of the defendant's crime; 894.1.B(5), that the offender knowingly created a risk of death or great bodily harm to more than one person. There were two victims of this crime, Ms. Green and Ms. Dartez. 894.1.B(9), that the offense resulted in significant permanent injury to the victim. . . . Also, Article 894.1.B(10), that the offender used a dangerous weapon in the commission of the offense.
>
> The trial court noted the same factors at the resentencing hearing.
>
> "In *State v. Smith*, 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4, the Louisiana Supreme Court stated that sentences of 35 to 50 years have been found to be acceptable for first offenders convicted of armed robbery, citing *State v. Augustine*, 555 So.2d 1331, 1332 (La.1990), and *State v. Thomas*, 98-1144, p. 2 (La.10/9/98), 719 So.2d 49, 50." *State v. Alexander*, 03-1291, p. 12 (La.App. 5 Cir. 3/30/04), 871 So.2d 483, 491, *writ denied*, 04-1063 (La.10/1/04), 883 So.2d 1007.
>
> After reviewing the record, we find that the defendant's sentences are not excessive. The defendant's thirty year sentence for armed robbery, which is in the lower range approved for first felony offenders convicted of that offense, was ordered to run concurrently with his sentence for aggravated burglary. Moreover, the trial court gave adequate consideration to the factors listed in La.Code Crim.P. art. 894.1. Given the violent nature of the offenses and the trauma to the victim, we find that the trial court did not abuse its discretion in imposing the defendant's sentences.

*Id*. at 315-16 (footnotes omitted).

In the present case, we find the sentence imposed by the trial judge was individualized to Defendant. Although the Defendant is youthful, his twenty-five

6

year sentence for armed robbery is comparable to factual situations and sentences imposed in the case law discussed above. Thus, the record does not indicate the trial court abused its discretion by imposing the twenty-five year sentence. Accordingly, Defendant's sentence is affirmed.

## DECREE

For the reasons set forth above, Defendant's sentence is affirmed.

**AFFIRMED.**