# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 13-1391

STATE OF LOUISIANA

VERSUS

WILLIAM C. KLESKO

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## THIRTIETH JUDICIAL DISTRICT COUT
## PARISH OF VERNON, DOCKET NO. 83047 "A"
## HONORABLE VERNON B. CLARK, JUDGE

**\*\*\*\*\*\*\*\*\***

## JAMES T. GENOVESE
## JUDGE

**\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and John E. Conery, Judges.

**AFFIRMED.**

**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 80006**
**Lafayette, Louisiana 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    William C. Klesko

**Asa A. Skinner**
**District Attorney − Thirtieth Judicial District**
**Terry W. Lambright**
**Assistant District Attorney**
**Post Office Box 1188**
**Leesville, Louisiana  71446-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**GENOVESE, Judge.**

In this criminal case, Defendant, William C. Klesko, appeals the order of restitution pursuant to sentencing on his plea to the charge of theft of over $1,500.00. For the following reasons, we affirm Defendant's sentence in all respects.

## FACTS AND PROCEDURAL HISTORY

When Defendant entered his plea, the State made the following recitation of facts in support of his plea:

> [B]ack on August the 1st, 2011, this defendant did with intent - - without consent and with intent to deprive via through [sic] fraudulent acts, conduct, representations, did take money [the] State contends [was] valued at approximately six thousand dollars from Mrs. Betty Marcias.[1] The essence of the charge is based upon agreement alleged - - agreement between the two when Mrs. Marcias entered into an agreement with this defendant that he would do certain renovations on her home for the total price of eleven thousand dollars. After paying six thousand dollars to this defendant, it's contended by Mrs. Marcias that she never had any work completed at her home[,] [t]hat there were certain materials that were purchased, but at a value far less than six thousand dollars. She was prepared to testify it's somewhere along the amount of a thousand two hundred and twelve dollars[.]

On April 3, 2012, Defendant was charged by bill of information with one count of theft over $1,500.00, a violation of La.R.S. 14:67(B)(1), and pled guilty to that charge on May 20, 2013. As part of the plea agreement, the State agreed to dismiss a count of contract fraud and also agreed not to file a habitual offender bill.

---

[1]The State refers to the victim as Mrs. Marcias, but, in other parts of the record including the minutes and her testimony, she is referred to as Mrs. Macias. She will be referred to as Mrs. Macias throughout this opinion.

After a restitution hearing, the trial court sentenced Defendant to serve six years at hard labor, suspended, with four years supervised probation and ordered him to pay a fine of $1,500.00 plus court costs. In accordance with La.Code Crim.P. art. 895(A), the trial court ordered Defendant to pay the fine and costs through a payment plan with a minimum payment of $30.00 per month. Defendant was ordered to pay $500.00 to the Public Defender's Office with a monthly payment of $15.00 and $350.00 to the District Attorney's Office with a monthly payment of $10.00. The trial court also ordered Defendant to pay restitution to the victim, Mrs. Macias, in the amount of $4,987.12 through a monthly payment plan of $125.00 and to pay a monthly probation supervision fee of $65.50.

Defendant filed a Motion to Reconsider Sentence, alleging "the restitution is excessive and beyond [D]efendant[']s ability to pay[,]" which was denied. Defendant now presents this appeal asserting excessive restitution.

## ERRORS PATENT

As required by La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR

The Defendant contends that the amount of restitution imposed by the trial court is excessive, that the amount of the monthly payments is beyond his ability to pay, and that the restitution is not reasonably related to rehabilitation.

> It is well-settled that a trial court has vast discretion in sentencing decisions, including the imposition of restitution. In *State v. Reynolds*, 99-1847, p. 4 (La.App. 3 Cir. 6/7/00), 772 So.2d 128, 131 this court stated:

> The trial court's decision in ordering restitution should not be disturbed absent an abuse of discretion. *State v. Metlin*, 467 So.2d 876 (La.App. 3 Cir.1985).

*State v. Williamson*, 04-1440, p. 6 (La.App. 3 Cir. 3/2/05), 896 So.2d 302, 307.

Louisiana Code of Criminal Procedure Article 895.1(A)(1) provides:

> When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain. However, any additional or other damages sought by the victim and available under the law shall be pursued in an action separate from the establishment of the restitution order as a civil money judgment provided for in Subparagraph (2) of this Paragraph. The restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.

Defendant pled guilty to theft over $1,500.00. He was ordered by the trial court to pay restitution to the victim, Mrs. Macias, in the amount of $4,987.12 pursuant to a payment plan of $125.00 a month. In addition to the other fees, including probation supervisory fees, payments to the public defender's office and the district attorney's office, Defendant was required to make a minimum monthly payment of $295.50 per month.

Defense counsel contends that Defendant is an indigent, fifty-year-old construction worker and cannot afford the payments; however, and critical to Defendant's claims, defense counsel does not offer any proof of Defendant's financial status or capability. The record indicates that at the restitution hearing, Defendant testified that he would usually charge $30.00 an hour for a similar job to the one at issue and that he came out of retirement to do her renovations. Defendant also admitted to not having a trade license, even though he took the job and the money for the job.

3

This court has held that "the trial court is given discretion in determining the amount of restitution appropriate under the particular circumstances of a given case." *State v. Joseph*, 07-1567, p. 4 (La.App. 3 Cir. 4/30/08), 982 So.2d 310, 314 (quoting *State v. McDonald*, 33,356, p. 5 (La.App. 2 Cir. 6/21/00), 766 So.2d 591, 594). In *Joseph*, we found that the restitution was not excessive where the trial court used the testimony of the victims and other information including the presentence investigation report to determine the amount of restitution where the exact amount was unable to be determined.

In the matter before us, the record shows no evidence of income, past or future, other than Defendant's testimony regarding his hourly charge. Based on the record and the facts before us, there is no legitimate basis for us to conclude that the trial court abused its discretion in awarding restitution or setting the fees. Additionally, La.Code Crim.P. art. 894.4 states: "When a defendant has been sentenced to probation and has a monetary obligation, including but not limited to court costs, fines, costs of prosecution, and any other monetary costs associated with probation, the judge may extend the period of probation until the monetary obligation is extinguished."

In *State v. Shell*, 46,983 (La.App. 2 Cir. 3/7/12), 87 So.3d 934, the defendant was ordered to pay $20,000.00 in restitution. The second circuit found the defendant stole in excess of $20,000.00 from a church; therefore, the amount of restitution was justified. The second circuit then noted the defendant had only a remote chance of paying back the full restitution during the five years of his probation period. In a footnote, the second circuit remarked:

> Paying off the assessed $20,000 over the five-year probationary term, would require a payment of $333.33 per month, which would be somewhere between harsh and impossible, for a man who is solely

supported by disability payments. This record is unclear as to whether the defendant has other sources of income, so we shall leave this inquiry to any future revocation proceedings, for which we have included, in this opinion, instructions for the trial court.

*Id.* at 941 n.13.

The second circuit further stated that if the defendant was truly indigent, he should not be imprisoned for the failure to pay the sum ordered by the trial court, and:

> [S]hould this matter be brought back before the trial court for a revocation hearing, we direct our brother judge below to make careful findings as to the defendant's ability to pay and to carefully consider the previous paragraph. If the trial court ever rules to revoke the defendant's probation, predicated on his failure to timely pay the restitution, it is directed to grant a stay, if requested by the defendant, for him to seek supervisory appellate review of the revocation.

*Id.* (footnotes omitted).

Similar to the court in *Shell*, here, the record is unclear as to Defendant's income and his ability to pay. Based on the ruling in *Shell*, we find that the inquiry into Defendant's ability to pay should be left to any future revocation proceedings in the trial court.

The record before us does not prove that the restitution ordered by the trial court was excessive, as it represented the loss sustained by the victim. Defendant's ability to pay may be addressed again at any future probation revocation hearing. Accordingly, Defendant's assignment of error lacks merit.

## DISPOSITION

Defendant's sentence is affirmed in its entirety.

**AFFIRMED.**