SUSAN M. CHEHARDY, Chief Judge.
li>On appeal, defendant challenges his convictions for resisting arrest with force or violence. For the following reasons, we affirm his convictions, vacate his amended sentences, reinstate his original sentences, and remand to the district court with instructions.

Procedural History

On September 29, 2009, the Jefferson Parish District Attorney filed a bill of information charging defendant, Patrick George, with resisting a police officer with the use of violence or threats of violence, in violation of La. R.S. 14:108.2. On June 4, 2013, the State amended the bill of information to include a second count of resisting a police officer with the use of violence or threats of violence, in violation of La. R.S. 14:108.2.
On October 3, 2013, a six-person jury found defendant guilty as charged on both counts. On October 8, 2013, defendant *212 filed a motion for new trial, which was denied by the trial court on October 10, 2013. On the same date, after waiving sentencing delays, the trial court sentenced defendant to three years in the custody of the Department of Corrections, on each count to be served concurrently. The trial court suspended defendant’s three-year concurrent sentences and ordered ^defendant to be placed on active probation for two years. The trial court further imposed a fine of $500.00 “plus costs.” Immediately thereafter, defendant filed a Motion for Appeal, which was also immediately granted by the trial court.
On October 21, 2013, in open court, defense counsel moved the trial court to defer defendant’s (already imposed) sentences under La.C.Cr.P. art. 893. The trial court granted defendant’s request. The trial judge then vacated defendant’s original sentences, resentenced defendant to three years imprisonment in the custody of the Department of Corrections,[1] “deferred imposition of the sentence,” and pláced defendant on active probation for two years. The trial court further imposed a $500.00 fine. Defendant filed a second motion for appeal on October 23, 2013, which was granted by the trial court on the same date. The instant appeal follows.

Facts

On September 17, 2009, at 2:13 a.m., Deputy Renoid Berthelot of the Jefferson Parish Sheriffs Office (“JPSO”) was patrolling in a high crime area in Marrero when he observed the driver of a white Toyota driving northbound on Avenue I who was not wearing his seatbelt.[2] Deputy Berthelot activated his overhead lights and initiated a traffic stop.
Before Deputy Berthelot was able to instruct the driver to exit his vehicle, however, the driver left his vehicle and approached Deputy Berthelot, waving his hands in the air and yelling about being stopped. Deputy Berthelot testified that he was alarmed by the driver’s actions because they were irregular for a minor traffic stop, and the area was known for crime.
^Deputy Berthelot immediately advised the driver to place his hands on the hood of the patrol unit so Deputy Berthelot could conduct a brief pat-down for officer safety due to the driver’s “aggressive nature.” Initially the driver complied and placed his hands on the patrol car, but continued “running his mouth, talking loudly.” After Deputy Berthelot positioned himself behind the driver and attempted to pat him down for weapons, the driver stiffened his arms and pushed his body off the patrol unit, launching himself into Deputy Berthelot’s chest, and nearly knocking Deputy Berthelot to the ground. Deputy Berthelot was able to regain his balance and push the driver forward onto the hood of his patrol unit. A struggle ensued but Deputy Berthelot was eventually able to secure the driver’s arm behind his back and place him in handcuffs.
At that point, two more Jefferson Parish Sheriffs Office Deputies — Brett LeBlanc and Anthony Venezia — arrived. Despite being handcuffed, the driver continued to struggle but, with Deputy LeBlanc’s help, Deputy Berthelot was able to place the driver in the backseat of his patrol unit.
Once inside the unit, the driver advised the deputies that his name was Derrick Bowman. He stated that he did not have *213 a Louisiana driver’s license because he had recently moved here from Atlanta. Deputy Berthelot and the dispatcher conducted computer searches of federal and Louisiana databases, which revealed no listing for “Derrick Bowman.” Deputy Berthelot then issued a traffic citation for lack of insurance to the driver, “Derrick Bowman.”
Deputy Berthelot further advised the driver that he was under arrest for battery of a police officer. Upon learning that he was being arrested, the driver became “angry, violent, started thrashing and jumping around in the back seat ... [and] started kicking” the doors and windows of the police unit. Deputy Berthelot, who was concerned that defendant might injure himself, opened the back door of |fihis unit to retrieve defendant. When Deputy Ber-thelot opened the door, defendant kicked Deputy Berthelot in the stomach, knocked him to the ground, and attempted to escape. Deputy Venezia tried to subdue defendant but defendant kicked Deputy Venezia in the head. Deputy Berthelot attempted to assist Deputy Venezia and defendant also kicked him in the head. Eventually, Deputy Venezia was able to grab defendant in a “bear hug” in an attempt to subdue him.
While Deputy Venezia grappled with him, defendant grasped Deputy Venezia’s testicles and refused to release them. Eventually, Deputy Berthelot sprayed defendant with a single burst of pepper spray. When defendant continued his assault, Deputy Venezia retrieved his flashlight and struck defendant in the face, which caused him to release his grip. Defendant continued, however, to kick and “thrash” so Deputy LeBlanc restrained his feet with a nylon strap known as a “hobble restraint.”
Once defendant was restrained, deputies called paramedics to check for injuries to defendant before transporting him to jail. Scott Stein, an EMT paramedic for West Jefferson Hospital, testified that defendant was “very upset, very angry, spitting, [and] cursing.” Specifically, defendant spit at him and used profane, racial slurs. Defendant also told the EMTs that his name was “Derrick Bowman.” Defendant received medical treatment for minor injuries then he was taken into police custody.
Upon arrival at the jail, the nurse on duty advised Deputy Berthelot that defendant required additional medical attention and instructed him to transport defendant to University Hospital. While at University Hospital, defendant advised Deputy Berthelot of his actual name, which is Patrick George.
At trial, defendant testified that he was “unjustifiably beat by the police.” Defendant testified that he was driving his aunt’s car without her permission and |fiwithout a license so he was afraid he would be taken to jail and tried to avoid the officer. Defendant testified that, once he was stopped, Deputy Berthelot conducted an in-depth search of his person and threatened him with a Taser.
Defendant testified that Deputy Le-Blanc arrived, handcuffed him, and sat him in the back of Deputy Berthelot’s patrol unit. Defendant admitted that he gave the officers a false name because he was trying to avoid going to jail. Defendant denied kicking the windows while inside the police unit.
According to defendant, the officers then instructed him to exit the vehicle so Deputy Berthelot could pepper-spray him. Deputy Venezia then choked and tackled defendant and tightened the handcuffs around his wrists. Next, the officers placed defendant’s legs in plastic restraints so Deputy Venezia and Deputy Berthelot could take turns beating defendant with a *214 flashlight. Defendant also testified that Deputy Berthelot pepper-sprayed him four or five times while he was on the ground. Defendant denied grabbing Deputy Vene-zia’s testicles. Finally, defendant testified that he was transported to University Hospital where the doctors found that he had minor facial fractures and lacerations.
After hearing the evidence and testimony, the six-person jury unanimously found defendant guilty as charged on both counts of resisting a police officer with force or violence.

Law and Argument

On appeal, defendant argues that the State failed to meet its burden of proving he violated La. R.S. 14:108.2. Specifically, defendant argues that the officers’ actions were outside of the scope of their official capacities; thus, his was an unlawful arrest, which can be lawfully resisted.
| ./Defendant contends that Officers Vene-zia and Berthelot were not acting in their official capacities when they “fondled, sprayed him with pepper spray,” and beat him “in the face with a flashlight,” prior to his arrest.
The appropriate standard of review for determining the sufficiency of the evidence was established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). According to Jackson, the standard is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. Under the Jackson standard, a review of a criminal conviction record for sufficiency of evidence does not require the court to ask whether it believes that the evidence at trial established guilt beyond a reasonable doubt. State v. Flores, 10-651 (La.App. 5 Cir. 5/24/11), 66 So.3d 1118,1122.
Rather, the reviewing court must decide, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Id.; Jackson, 443 U.S. at 319, 99 S.Ct. 2781; See also State v. Ortiz, 96-1609, p. 12 (La.10/21/97), 701 So.2d 922, 930, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998); State v. Holmes, 98-490, p. 3 (La.App. 5 Cir. 3/10/99), 735 So.2d 687, 690. It is not the function of the appellate court to assess credibility or re-weigh the evidence. State v. Smith, 94-3116, p. 2 (La.10/16/95), 661 So.2d 442, 443. The trier of fact shall evaluate credibility and when faced with a conflict in testimony, is free to accept or reject, in whole or in part, the testimony of any witness. State v. Bradley, 03-384 (La.App. 5 Cir. 9/16/03), 858 So.2d 80, 84, writ denied, 03-2745 (La.2/13/04), 867 So.2d 688 and 08-1951 (La.1/30/09), 999 So.2d 750.
|8In the instant case, defendant was charged and convicted of two counts of resisting a police officer with force or violence in violation of La. R.S. 14:108.2, which provides:
A. Resisting a police officer with force or violence is any of the following when the offender has reasonable grounds to believe the victim is a police officer who is arresting, detaining, seizing property, serving process, or is otherwise acting in the performance of his official duty:
(1) Using threatening force or violence by one sought to be arrested or detained before the arresting officer can restrain him and after notice is given that he is under arrest or detention.
(2) Using threatening force or violence toward or any resistance or opposition using force or violence to the arresting officer after the arrested *215 party is actually placed under arrest and before he is incarcerated in jail.
(3) Injuring or attempting to injure a police officer engaged in the performance of his duties as a police officer.
(4) Using or threatening force or violence toward a police officer performing any official duty.
At trial, the evidence showed that Deputy Berthelot was wearing an official uniform and driving a marked police unit when he stopped defendant at 2:13 a.m. in a high crime area for driving a vehicle without wearing a seatbelt. Defendant admitted that he knew Deputy Berthelot, who was dressed in full Jefferson Parish Sheriffs Office uniform and driving a marked Jefferson Parish Sheriffs Office patrol unit, was a police officer when he stopped him.
Further, the testimony of the State’s ■witnesses reflected that defendant struggled with Deputy Berthelot before he was placed in the back of the patrol unit. Then, after being informed that he was under arrest for battery of a police officer, defendant became aggressive and kicked both Deputies Berthelot and Venezia in the head. Defendant also grasped and refused to release Deputy Venezia’s testicles, until he was forcibly removed. Even after he was subdued, defendant | ncontinued to resist and potentially harm himself until he had to be restrained at the ankles. Finally, defendant continued to spit at the police officers and emergency medical technicians that were attending his medical needs.
Although defendant testified that the witnesses presented by the State at trial all “lied,” and that he was an innocent victim who was “unjustifiably beat by the police,” the six-person jury found the testimony of the State’s witnesses to be more credible. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient to support a requisite factual finding. State v. Caffrey, 08-717, p. 5 (La.App. 5 Cir. 5/12/09), 15 So.3d 198, 202, writ denied, 09-1305 (La.2/5/10), 27 So.3d 297 (citation omitted). It is the fact-finder who weighs the respective credibility of the witnesses, and this Court will not reweigh those determinations. See, State v. Hughes, 05-0992 (La.11/29/06), 943 So.2d 1047,1051.
Therefore, after reviewing the record, we find that rational jurors, viewing the evidence in the light most favorable to the prosecution, could have concluded beyond a reasonable doubt that defendant was guilty of resisting two police officers with force or violence. Accordingly, we find that the evidence presented was sufficient to sustain defendant’s convictions. This assignment lacks merit.

Errors patent

Finally, pursuant to La.C.Cr.P. art. 920, we have reviewed the record for errors patent and found the following errors that require action.
First, defendant’s sentences imposed on October 21, 2013 must be vacated. In this case, the trial court originally sentenced defendant on October 10, 2013 to concurrent three-year sentences, suspended those sentences, and placed defendant on active probation for two years. Immediately thereafter, defendant filed a Motion for Appeal, which the trial court granted.
110Despite the fact that sentence had already been imposed and no written motion to reconsider had been filed in this case, defense counsel, in open court, on October 21, 2013, requested that the trial court defer defendant’s sentences under La. C.Cr.P. art. 893. The trial court thereafter vacated defendant’s original sentences, *216 sentenced defendant to concurrent three-year sentences, deferred imposition of the sentences, and placed defendant on active probation for two years.
Under La.C.Cr.P. art. 916, after the first order of appeal was signed, the trial court was divested of jurisdiction to set aside or amend defendant’s sentence. See, State v. Stephens, 438 So.2d 203 (La. 1983) (trial court is divested of jurisdiction to amend a sentence once the order of appeal is signed, except to correct an illegal sentence or to reduce a legal sentence under certain circumstances).
In this case, defendant’s sentences pronounced but deferred on October 21, 2013 are without effect as the trial court lacked jurisdiction to vacate and amend defendant’s sentences, after defendant’s motion for appeal was granted on October 10, 2013. Accordingly, defendant’s sentences of October 21, 2013 are vacated and defendant’s original sentences of October 10, 2013 are reinstated.
Next, with respect to defendant’s original sentences that were imposed on October 10, 2013, we note that the necessary probation form was not completed and filed at the time of defendant’s original sentencing, as required by La.C.Cr.P. art. 895.1. Accordingly, this matter is remanded for imposition of probation conditions consistent with La.C.Cr.P. art. 895.1. State v. Harris, 93-1098 (La.1/5/96), 665 So.2d 1164.
Finally, we note that, although the commitment reflects that defendant was properly advised of the time period for seeking post conviction relief as required by La.C.Cr.P. art. 930.8, the sentencing transcript indicates that the trial court failed Into give such an advisal. When there is a discrepancy between the commitment and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
If a trial court fails to advise, or provides an incomplete advisal, pursuant to La.C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post conviction relief by means of its opinion. State v. Brooks, 12-226 (La.App. 5 Cir. 10/30/12), 103 So.3d 608, writ denied, 12-2478 (La.4/19/13), 111 So.3d 1030; State v. Taylor, 12-25 (La. App. 5 Cir. 6/28/12), 97 So.3d 522, 538; State v. Jacobs, 07-887 (La.App. 5 Cir. 5/24/11), 67 So.3d 535, writ denied, 11-1753 (La.2/10/12), 80 So.3d 468; State v. Neely, 08-707 (La.App. 5 Cir. 12/16/08), 3 So.3d 532, 538, writ denied, 09-0248 (La.10/30/09), 21 So.3d 272; State v. Davenport, 08-463 (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 451, writ denied, 09-0158 (La.10/16/09), 19 So.3d 473.
Accordingly, we advise defendant, by way of this opinion, that no application for post conviction relief, including an application which seeks an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La.C.Cr.P. arts. 914 or 922.

CONVICTIONS AFFIRMED; DEFERRED SENTENCES VACATED; ORIGINAL SENTENCES REINSTATED; MATTER REMANDED.

. See Errors Patent discussion, infra.

. Deputy Berthelot testified that he was dressed in full patrol uniform and driving a fully-marked Jefferson Parish Sheriff's Office vehicle at the time in question.