ROBERT A. CHAISSON, Judge.
[¿The sole issue presented in this appeal by the State is whether the trial court abused its discretion in ordering defendant, James Durham, to pay restitution in the amount of $80,000.00, a sum considerably lower than the actual monetary loss to the victim. For the reasons that follow, we find that the trial court abused its discretion, and accordingly, we vacate the amount of restitution ordered and remand the matter to the trial court for reconsideration of this issue.

FACTS AND PROCEDURAL HISTORY

The facts are basically undisputed. In May of 2008, the City of Kenner entered into a contract with Durham Auctions, Inc., “for the administration, management and organization of a public auction of City of Kenner surplus property.” Durham Auctions was an auction house in Mississippi owned and operated by defendant and his' father, Donald Durham. About a week before the | ^auction, Leigh Roussel, the deputy city attorney who handled the contract on behalf of Kenner, discovered that neither defendant nor any of his employees had a current license to call[1] auctions in Louisiana. The contract was thereafter assigned to William Jones, a licensed Louisiana auctioneer, with the understanding that Mr. Jones would call the auction, but Durham Auctions would take care of all other aspects of the auction, including the collection of the money.
The auction took place on June 28, 2008, and sometime thereafter, Ms. Roussel received consignor settlements from Durham Auctions detailing the items sold. According to the accounting, Durham Auctions, after deducting its commission, owed the City of Kenner $511,729.29. However, the City of Kenner did not receive the proceeds within the time specified in the contract. After the initial due date passed, Ms. Roussel was in contact with defendant, by e-mail and telephone, inquiring about the status of the payment. Despite an email from defendant indicating that the checks had already been sent, the City of Kenner never received the proceeds of the auction from defendant.
As a result, the Jefferson Parish District Attorney filed a bill of information charging defendant with felony theft, in violation of La. R.S. 14:67. Defendant originally pled not guilty and proceeded to a judge trial on the charge. However, after the presentation of some witness testimony, the judge recessed the trial pursuant to defendant’s request. Thereafter, on August 11, 2014, defendant withdrew his plea of not guilty and, after being advised of his *768 constitutional rights, pled guilty as charged. In accordance with the plea agreement, the trial court sentenced defendant to imprisonment at hard labor for a term of two years, suspended the sentence, and placed defendant on active probation for a term of five | ¿years. The court also ordered that defendant pay restitution in an amount to be determined after a hearing.
At the restitution hearings conducted on October 1 and 8, 2014, Leigh Roussel, as deputy city attorney for the City of Ken-ner, and defendant testified. Ms. Roussel testified that defendant handled an auction for the City of Kenner in June of 2008, and thereafter sent Ms. Roussel consignor settlements detailing the items sold. According to the consignor settlements, Durham Auctions owed the City of Kenner a total of $511,729.29. However, Ms. Roussel explained that the City of Kenner never received the funds from defendant and thereafter instituted legal proceedings in Mississippi against Durham Auctions, the Durhams individually, and Community Bank, which had apparently seized approximately $250,000.00 of the proceeds from the auction that had been deposited in Durham Auctions’ trust account. As a result of the legal proceedings in Mississippi, the City of Kenner received a settlement in the amount of $80,000.00 from Community Bank, which did not even cover the total amount of legal fees incurred.
Defendant also testified at the restitution hearing and informed the court of his financial situation. He explained that he earned his income by buying and selling surplus government property; however, he did not get a steady weekly paycheck. Although defendant did not specify the amount of his income, he informed the court that he had been able to cover his living expenses, which he estimated to be about $10,000.00 per month. In discussing his living expenses, defendant stated that he supported five minor children, paid $1,200.00 per month in child support to his previous wife for two of his five children, paid his children’s tuition, and also had a monthly rent obligation. He further explained that he paid $2,777.00 per month in restitution as a result of a conviction in Mississippi and Ustill had a restitution balance of around $800,000.00. During his testimony, defendant also informed the court that Durham Auctions had filed for bankruptcy, and he likewise had filed for personal bankruptcy. Defendant maintained that as a result of the bankruptcy proceedings, he lost his home and four rental properties. He also informed the court that he had made an offer to the City of Kenner for restitution in the amount of $80,000.00, which he thought would be a manageable amount.
After considering the testimony and evidence presented, the trial court set restitution in the amount of $80,000.00 to be paid in monthly installments of $1,333.00. In reaching this amount, the trial court considered defendant’s current financial condition as well as the settlement the City of Kenner had reached with Community Bank. Specifically, the trial court stated, in part, as follows:
There is also no doubt in my mind that apart from those attorney’s fees the net indebtedness to the City of Kenner would seem to be in the neighborhood of $432,000.00 approximately.
I am not impressed that Mr. Durham’s current income is sufficient to pay that back along with meeting his obligations in the State of Mississippi. Those obligations in the State of Mississippi apparently are not in contest as far as Louisiana is concerned. Mississippi just got to his wallet before this Court will.
*769 I am of the belief based on the evidence that to impose the indebtedness of approximately $432,000.00 on this defendant would be excessive, not that he didn’t participate in causing that loss in part or all, but that his inability to pay, okay, is in my mind clear, he’s unable to pay that amount.
An offer has been made to pay by compromise $80,000.00 and I supposed that works out to be $1,500.00, $1,600.00 a month. Mr. Durham thinks he can handle it and is willing to put himself under that special condition of probation.
The State now appeals.[2] In its sole assignment of error, the State contends | fithat the trial court abused its discretion in setting restitution in an amount substantially lower than the actual monetary loss to the City of Kenner. The State maintains that under La. C.Cr.P. art. 895.1(A), because the exact amount of the monetary loss suffered by the victim is not in dispute, the only reasonable amount of restitution is the full amount of the actual pecuniary loss. For the reasons that follow, we agree with the State’s argument that the trial court abused its discretion in the amount of restitution ordered.

LAW AND ANALYSIS

When a court places a defendant on probation, it may impose any specific condition of probation reasonably related to his rehabilitation, including a requirement that he make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court. La. C.Cr.P. art. 895(A)(7). In addition, La. C.Cr.P. art. 895.1(A)(1) provides, in part, as follows:
When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain.... The restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.
In ordering restitution, the trial judge has discretion, and his decision will not be disturbed absent an abuse of this discretion. State v. Blanchard, 03-612 (La.App. 5 Cir. 11/12/03), 861 So.2d 657, 668, writ denied, 03-3389 (La. 10/15/04), 883 So.2d 1045.
We acknowledge that there is no requirement that restitution be set in the amount of the actual pecuniary loss to the victim and that the trial court has great discretion in the setting of restitution. However, under the circumstances presented therein, we find that the trial court abused its discretion in the amount of restitution ordered. In reaching this decision, we first note that there was no dispute as to the amount of money defendant owed to the City of Kenner after the auction, as evidenced by the consignor settlements. Further, defendant earned ah *770 income by buying and selling surplus government property. Although defendant did not get a weekly paycheck and the amount of his income fluctuated, defendant testified that he was able to cover his monthly expenses, which he estimated to be approximately $10,000.00. This assertion was apparently based upon defendant’s earnings at the time of the restitution hearing; however, the actual amount of defendant’s income was never established.
In addition, in setting the amount of restitution, the trial court factored in defendant’s other monetary obligations, including child support and the restitution owed in Mississippi; however, by their very nature, these obligations are not permanent. By setting the amount of restitution at approximately nineteen percent of the acknowledged actual pecuniary loss to the victim, the trial judge has, based upon defendant’s alleged current financial circumstances, foreclosed the possibility for the victim to recover approximately eighty-one percent of its actual pecuniary loss, without taking into consideration the likelihood that defendant’s financial circumstances will change over time. In addition, the trial judge relied too heavily on defendant’s assertion of the amount he thought he could handle. Also, while the fact that “Mississippi just got to his wallet before this Court will,” may be a valid consideration in determining the manner in which defendant should repay the restitution owed in this case, it should be of no consequence to the amount of restitution ordered.[3] Given all these circumstances, we find that under the facts of | «this case, $80,000.00 is not a reasonable amount of restitution, and the trial court abused its discretion in setting restitution in that amount. We accordingly vacate the restitution order and remand for reconsideration of this issue.

ERRORS PATENT REVIEW

We have reviewed the record for errors patent according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals some errors with regard to the imposition of the conditions of probation. The sentencing transcript reflects that the trial court sentenced defendant to two years at hard labor, suspended the sentence, and placed defendant on five years active probation. The trial court thereafter failed to impose any conditions of probation. In particular, the trial court did not- impose the mandatory conditions of probation as required by La. C.Cr.P. art. 895(A). According to Article 895(A), the court “shall require the defendant to refrain from criminal conduct and to pay a supervision fee to defray the costs of probation supervision, and it may impose any specific conditions reasonably related to his rehabilitation .... ” In addition, although it is clear that the trial judge intended to impose restitution as a condition of probation, he did not specify it as a condition when he imposed the sentence. Lastly, there is nothing in the appellate record to indicate that defendant was given a certificate setting forth the conditions of probation. La. C.Cr.P. art. 895(J), provides that “[t]he defendant shall be given a certificate setting forth the conditions of his probation and shall be required to agree in writing to the conditions.”
Accordingly, this matter is remanded for imposition of probation conditions consistent with La. C.Cr.P. art. 895. See State *771 v. Shannon, 04-1361 (La.App. 5 Cir. 4/26/05), 902 So.2d 519, 525 (where this Court remanded the matter to the | ndistrict court for compliance with the provisions of La. C.Cr.P. art. 895); see also State v. George, 14-53 (La.App. 5 Cir. 5/21/14), 142 So.3d 210, 216.
Accordingly, for the reasons set forth herein, we vacate the restitution order and remand the matter for reconsideration of this issue and for compliance with the requirements of La. C.Cr.P. art. 895.

RESTITUTION ORDER VACATED: MATTER REMANDED WITH INSTRUCTIONS

. According to Ms. Roussel, the person who calls the auction is the one “who stands at the front and does the fast talking and actually auctions the surplus property items.”

. The State originally filed a writ application in this Court seeking review of the trial court’s ruling on the amount of restitution owed by defendant. However, this Court did not consider the merits of the writ application noting that the review of a trial court judgment setting restitution is under appellate rather than supervisory jurisdiction. Accordingly, this Court remanded the matter to the district court with instructions to consider the notice of intent as a motion for appeal and for preparation and lodging of the appeal record. See State v. Durham, 15-KH-81 (La.App. 5 Cir. 2/11/15) (unpublished writ disposition).

. We note that the trial court retains the authority to extend the period of defendant’s probation if necessary to enable defendant to pay his monetary obligation. La. C.Cr.P. art. 894.4; State v. Klesko, 13-1391 (La.App. 3 Cir. 5/7/14), 139 So.3d 609, 612.